UNITED STATES of America,
Plaintiff-Appellee,

v.

Vernon Henry OBELGONER, Jr.,
Defendant-Appellant.

No. 75-1393.

United States Court of Appeals,
Fifth Circuit.

Dec. 8, 1975.

James M. Simons, Austin, Tex., for defendant-appellant.

John E. Clark, U. S. Atty., Jeremiah Handy, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before JONES, WISDOM and AINSWORTH, Circuit Judges.

PER CURIAM:

Vernon H. Obelgoner, Jr., was convicted and sentenced to three years in prison for failure to submit to induction into the United States Armed Forces, in violation of 50 U.S.C.App. § 462. He brings this appeal, alleging that he fully complied with the draft board's order rescheduling his date to report for induction and that accordingly, the indictment should have been dismissed. We agree with the appellant's contentions and reverse.

On January 28, 1969, Obelgoner reported to his local draft board in Austin, Texas, where he refused induction into the armed forces. An indictment was filed charging him with violation of 50 U.S.C.App. § 462, but no action was taken against him for the next three and a half years, for he was in Europe and Canada. His whereabouts were unknown by the draft board until August 19, 1972, when he requested of his local board that he be allowed to report in Seattle, Washington. Obelgoner indicated his willingness to cooperate and to take a physical examination. The local board, through the state headquarters of the Selective Service, brought the matter to the attention of the United States Attorney, who advised the board that Obelgoner "should be given a new date to report for induction into the Armed Forces . . ."[1] In compliance with this advice by the United States Attorney, the local board sent the defendant the official Selective Service System form rescheduling his reporting date as

---

1. At trial, the United States Attorney testified that there was a general practice of allowing individuals in the appellant's circumstances to report for induction in lieu of being prosecuted.

November 29, 1972. The board also informed the United States Attorney that "the subject violator has been rescheduled to report for induction."

Relying on this new order, Obelgoner presented himself for induction at the Armed Forces Entrance and Examining Station in Washington. However, an eye injury suffered in an auto accident in Yugoslavia in 1969 rendered him physically unfit for service, and he was medically disqualified. The United States Attorney, in apparent disregard of Obelgoner's compliance with the draft board's rescheduling order, proceeded to prosecute the original indictment.

At trial, the defendant moved to dismiss the indictment on the ground that he had complied fully with the terms of the new order to report. The trial court refused, apparently persuaded by the government's arguments that the new order to report carried with it an implied condition that Obelgoner be fit for service. Absent his actual induction, the government argued, the draft board's order to report on November 29 was of no legal effect. We find these arguments untenable.

When Obelgoner informed the local draft board of his willingness to appear for induction he received an order to report. The official Selective Service System Form No. 253 contained no other conditions, and his appearance at the induction center constituted full compliance with that order. At most, the order imposed on him a duty of good faith; there is no allegation by the government that the appellant intentionally injured his eye in order to avoid induction, nor is there persuasive evidence that he knew that he would be found medically unfit. Absent wilful deception on his part, we find the fact of his medical condition irrelevant to the question of compliance with the order to report.

Obelgoner willingly submitted to the induction process pursuant to the draft board's order, in the reasonable expectation that the United States Attorney would pursue his general practice of dropping the former indictment, and in the belief that his conduct constituted full performance of his legal duty. That the United States Attorney did not recognize such compliance did not relieve the court from doing so by dismissing the indictment. Accordingly, we reverse.